WYNCOOP & WATKINS v. THE CONGREGATIONAL SOCIETY OF BELLVUE.

1. POWERS OF A CORPORATION. A religious corporation may by its constitution limit the amount of debt which its trustees may create without the vote or sanction of the society.

*Appeal from Jackson District Court.*

WEDNESDAY, DECEMBER 14.

PLAINTIFFS sue for goods sold and delivered, work and labor done, money advanced, &c., for defendant's use, to the amount of about three hundred and eighty dollars.

The answer sets up that the said supposed promises, if any, were made not by the defendant but by the trustees of said society contrary to the constitution of the same; that this constitution was recorded and the plaintiffs had actual notice of the same; that by the provisions thereof the said trustees were prohibited from incurring any debt in the name of the society; and were also limited in the expenditure of money to the sum of one hundred dollars, without first having obtained the sanction of the society by vote; that said supposed indebtedness, if any, was incurred by the trustees, and not by the consent and with the sanction of the society.

A copy of the constitution or articles of incorporation is attached to this answer. It is provided therein that the trustees are to manage the property of the society, and generally to superintend its interests, subject to the directions of the society. And then by a subsequent article it is provided that they shall incur no debt in the name of the society nor expend any money exceeding one hundred dollars, without first obtaining the sanction of the society by vote.

A demurrer to this part of the answer was overruled. Plaintiffs appeal.

*Booth & Graham* for the appellant, relied upon 2 Cow. 665 ; *Danforth* v. *Schoharie Turnpike Company*, 12 John. 231 ; *Dunn* v. *St. Andrews Church*, 14 Ib. 118 ; *Mott* v. *Hicks*, 1 Cow. 532 ; Code of 1851 sections 672–8.

*Spurr* and *Leffingwell* for the appellee.

WRIGHT, C. J.—The point made by the demurrer is, that while the trustees are prohibited from incurring a debt to the amount claimed, yet this furnishes no ground of defence to the society, for the reason that as a corporation it has no power to limit the amount of its indebtedness, so far at least as relates to the liability of its corporate property or means. This position however loses sight of the real question involved and decided by the court below. The point is that the society had not by its constitution given power to the trustees to contract this debt, or any other, except by a vote or with the sanction of the society. And this it was certainly competent to do. The plain and familiar rule applies, that one agent can not bind his principal, except when acting within the scope of his authority.

The suggestion that one part of plaintiff's petition as upon an account stated and that this shows the sanction and approval of the society, can not aid them for the reason that the portion of the answer demurred to takes issue upon this with other parts of the petition and its sufficiency as a legal defence is the only point made by the demurrer. What the

truth is, that is, whether the society did approve of the action of the trustees, or by its vote contract the indebtedness, are questions not now to be determined.

The demurrer was properly overruled and the judgment is affirmed.